IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC DUMOULIN, Reg. No. 68792-018, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:19-CV-37-WHA |
| | ) | [WO] |
| WALTER WOODS, SR., WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I. INTRODUCTION**

This case is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Petitioner Eric Dumoulin ["Dumoulin"]. When he filed the petition, Dumoulin was incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving a 24-month sentence, with a one year term of supervision, for Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) imposed upon him in 2017 by the Unites States District Court for the Middle District of Florida. Doc. 15-1. Dumoulin filed this habeas application seeking to be reinstated to a Residential Drug Abuse Program ("RDAP") at the point of his participation therein prior to being removed from the program and with no loss of good time. For relief, Dumoulin requests the BOP be compelled to release him to a half-way house based on the original date of placement prior to his removal from the RDAP program, *i.e.,* "as close as possible to his original date of January 16, 2019." Doc. 2.

Respondent filed a response, supported by relevant evidentiary materials, addressing Dumoulin's claim for relief. In this response, Respondent argues the 28 U.S.C. § 2241 petition for writ of habeas corpus is due to be dismissed because Dumoulin failed to exhaust his available

administrative remedies through the Bureau of Prisons ["BOP"] prior to filing his petition. Docs. 15, 15-4. Additionally, Respondent argues the petition for habeas corpus relief is due to be denied because Dumoulin is entitled to no relief on his claims. *Id.* The court granted Dumoulin an opportunity to respond to Respondent's answer and he did so. Doc. 17. A review of the court's docket and information obtained from the BOP's website,[1] however, reflects Dumoulin was released from custody during the pendency of this action. The court therefore granted Dumoulin an opportunity to show cause why his application for habeas relief should not be dismissed as moot. Doc. 20. Dumoulin filed no response.

## II. DISCUSSION

### A. Jurisdiction

A 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location or execution of his sentence. *See Lopez v. Davis*, 531 U.S. 230, 236 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2005); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).  Here, Dumoulin requests reinstatement to the Residential Drug Abuse Program (RDAP) at the point of his prior participation in the program with no loss of time.  Docs. 1, 2.   Since Dumoulin challenges the execution of his sentence, his claim is proper under 28 U.S.C. § 2241.  "Jurisdiction is determined at the time the action is filed[.]"  *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994). Thus, venue is proper before this court as Dumoulin was incarcerated in this district when he filed the instant habeas petition.  *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991)

---

[1] *Available at <https://www.bop.gov/inmateloc/>*  (last visited July 22, 2020)..

2

(holding that, generally, a 28 U.S.C. § 2241petition for habeas corpus relief "may be brought only in the district court . . . in which the inmate is incarcerated."); *Brown v. Warden of FCI Williamsburg*, 2019 WL 1780747, at *2 (D.S.C. Mar. 25., 2019), Report and Recommendation adopted, 2019 WL 1773382 (D.S.C. Apr. 23, 2019) ("A petition under § 2241must be brought against the warden of the facility where the prisoner is being held [at the time he files the petition], 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. [426,] 434–35 (2004), and 'in the district of confinement rather than in the sentencing court,' *Miller*, 871 F.2d at 490.").

## B. Mootness

To obtain relief in this habeas action, Dumoulin must demonstrate that he "is [currently] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In addition, under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *See, e.g., Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988). For a live case or controversy to exist, at all times in the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank,* 494 U.S. 472, 477 (1990); *see also North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (*per curiam* ) (explaining that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them").

"[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). "When effective relief cannot be granted because of later events, the [case] must be dismissed as moot." *Westmoreland v. National Transportation Safety Board,* 833 F.2d 1461, 1462

(11th Cir. 1987); *American Rivers v. Nat'l Marine Fisheries Service,* 126 F.3d 1118, 1123 (9th Cir. 1997) (holding that "[i]f an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992) (internal quotation marks and citation omitted); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) (finding a federal court no longer has jurisdiction over a case that has become moot). In the specific context of habeas petitions, the case or controversy requirement warrants a finding of mootness if: (1) the petitioner has received the relief requested in the petition; or (2) the court cannot provide the petitioner with the relief sought. *See Munoz v. Rowland,* 104 F.3d 1096, 1097–98 (9th Cir.1997).

Dumoulin's objective in filing this habeas petition was to be reinstated to RDAP with no loss of good time. However, because Dumoulin has completed his term of incarceration and is not now incarcerated in a federal facility, this court cannot give him meaningful habeas relief on this claim as there is no longer a case or controversy to litigate. *United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*citing Graham*).

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Eric Dumoulin be DISMISSED as moot as a favorable decision on the merits would not entitle him to any relief.

It is

ORDERED that **on or before August 5, 2020**, the parties may file an objection to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 22nd day of July 2020.

    /s/    Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE